IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QUINCY T. COLLINS, # 05091-025,

    Petitioner,

vs.                                                         Case No. 13-cv-1109-DRH

GREENVILLE FEDERAL
CORRECTIONAL INSTITUTION,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his sentence. The petition was filed on October 28, 2013.

## Background

Petitioner was tried by a jury in this Court, and was convicted of conspiracy to distribute crack cocaine and distribution of crack cocaine, in violation of 21 U.S.C §§ 846 and 841(a). On October 13, 2000, the undersigned Judge sentenced him to 360 months (30 years) in prison. This sentence represented the maximum allowable under 21 U.S.C. § 841(b)(1)(C), which increased the possible maximum to 30 years because petitioner had a prior felony drug conviction. *See United States v. Collins*, 272 F.3d 984, 987 (7th Cir. 2001) (affirming petitioner's conviction and sentence on direct appeal).

Petitioner filed a timely motion to vacate his sentence under 28 U.S.C.

§ 2255 on May 9, 2003, raising numerous allegations that his attorneys were ineffective. *Collins v. United States*, Case No. 03-cv-323-DRH (S.D. Ill.). That motion was denied on June 24, 2004. He later filed a motion pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of sentence based on the November 1, 2007, amendments to the sentencing guidelines regarding crack cocaine (Doc. 119 in criminal case). Those amendments lowered the base offense levels associated with specified amounts of that drug. The motion was denied on February 25, 2010, for lack of jurisdiction (Doc. 136 in criminal case). The crack cocaine amendments (706 and 711) were made to the guidelines found at U.S.S.G. § 2D1.1(c); however, petitioner's base offense level had been determined according to the Career Offender guidelines at U.S.S.G. § 4B1.1, which had not been amended. Therefore, this Court lacked subject matter jurisdiction to consider a sentence reduction.

## The § 2241 Petition

Petitioner now asserts that the sentencing scheme in 21 U.S.C. § 841(b), which sets longer sentences for crack cocaine offenses than for powder cocaine offenses involving the same weight of drug,[1] is racially discriminatory and violates the Thirteenth Amendment to the Constitution as well as the Civil Rights Act ("CRA") of 1866 (Doc. 1, p. 6; Doc. 1-1). In support of this argument, he points to the efforts made by the United States Sentencing Commission to reduce or eliminate the 100-to-1 powder/crack cocaine ratio (Doc. 1-1, pp. 4-5). Petitioner

---

[1] At the time of petitioner's conviction, the sentencing ratio was 100-to-1 (the sentence for one gram of crack was the same as for 100 grams of powder cocaine). The Fair Sentencing Act of 2010 lowered this ratio to 18-to-1, effective August 3, 2010.

notes the Commission's observation that the harsher crack sentences disproportionately affected black defendants. He also reviews at length the congressional debates over legislation aimed at eliminating the sentencing disparity in favor of a 1-to-1 ratio, as well as several district court opinions adopting the 1-to-1 ratio for sentencing (Doc. 1-1, pp. 5-12).

Petitioner argues that he could not have raised this challenge in his § 2255 motion, because at that time (May 2003), "Congress had not admitted . . . that the crack law was racially discriminatory" (Doc. 1, p. 4). Further, federal appellate courts were all "in agreement that crack and powder cocaine were two different drugs" (Doc. 1-1, p. 20). Because members of Congress have now admitted "that they made a mistake in implementing any ratio between crack/powder cocaine offenses," Congress "exceeded its legislative authority under the 13th Amendment and the CRA of 1866" in enacting any ratio at all (Doc. 1-1, p. 21). He argues that the sentencing disparity runs afoul of the Thirteenth Amendment because its disparate impact on black citizens is akin to a "badge of slavery," which has been prohibited (Doc. 1-1, pp. 14-15). He asserts that his jurisdictional challenge to the sentencing ratio in § 841(b) can be brought at any time (Doc. 1-1, p. 21).

As relief, petitioner asks that his sentence be vacated, and that he be resentenced without reference to any crack/powder cocaine ratio (Doc. 1, p. 8).

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Ordinarily, a person may challenge his federal sentence only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must

demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' " *Id.* (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)). Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime; instead, he argues that he should not have been sentenced under the 100-to-1 sentencing ratio that applied to crack cocaine offenses at the time. Despite the fact that some members of Congress, judges, and others have criticized and even departed from the 100-to-1 and the current 18-to-1 sentencing ratios, those opinions and actions do not establish that petitioner's conduct is no longer criminal or that his sentence was unconstitutional.

The crux of petitioner's argument is that any sentencing ratio that elevates the penalty for a crack cocaine offense beyond that for the same amount of

powder cocaine runs afoul of the Thirteenth Amendment. This argument is not based on any new legal theory that was not available to petitioner at the time he filed his § 2255 motion or even his direct appeal. Petitioner is correct that the crack/powder ratio has come under sharp criticism since the time he was sentenced, as evidenced by the changes made to the statute and sentencing guidelines. For example, the United States Sentencing Commission reported to Congress in 2002 that the 100-to-1 ratio was not warranted. United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy, 91 (May 2002) (quoted in *United States v. Kimbrough*, 552 U.S. 85, 97 (2007)). As early as 1995, the Commission sought to amend the sentencing guidelines to reflect a 1-to-1 ratio. *Kimbrough*, 552 U.S. at 99. Sentencing judges are now free to depart from the sentencing guidelines, *see United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010), but this change has not been retroactively applied to those like petitioner, whose convictions became final before the *Booker* opinion. *See McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005).

The constitutional argument petitioner raises herein could have been raised in his § 2255 motion. Indeed, others have challenged the 100-to-1 sentencing ratio on equal protection grounds, raising a similar disparate- racial-impact theory under the Fifth Amendment. The Seventh Circuit has consistently found that the sentencing scheme withstands such challenges. *United States v. Chandler*, 996 F.2d 917 (7th Cir. 1993); *see also United States v. Moore*, 644

F.3d 553 (7th Cir. 2011) (following *Chandler* and finding that 100-to-1 ratio survives due process challenge).

A § 2255 proceeding will be considered inadequate only if prior binding precedent had foreclosed petitioner from bringing his arguments in a § 2255 motion. *Hill v. Werlinger*, 695 F.3d 644, 648-49 (7th Cir. 2012) (citing *Morales v. Bezy*, 499 F.3d 668 (7th Cir. 2007). That is not the case here. Therefore, § 2255 does not prove to be an inadequate remedy for petitioner's current claims, and this action is subject to dismissal.

### **Filing Fee**

Petitioner did not pay the $5.00 filing fee for this action when it was filed, but notified the Court that payment would be forthcoming (Doc. 1-2). However, his payment has not been received to date. The dismissal of this action does not relieve petitioner of his obligation to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). Accordingly, petitioner is **ORDERED** to pay the $5.00 filing fee within 21 days of the entry of this Order. If this fee is not paid, petitioner may be subject to a restriction on his ability to file future cases in this Court. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) (noting that "[u]npaid docket fees . . . lead straight to an order forbidding further litigation.").

**Disposition**

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, he cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $455.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability.

*Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

    **IT IS SO ORDERED.**

    **DATED: November 20, 2013**

David R. Herndon
2013.11.20
06:44:05 -06'00'

**Chief Judge
United States District Court**